C. J. THORNTON et al. v. R. G. BEVERLY.

**Sale of Trust Property — Purchaser's Title.**
> Where a trustee sells property with the knowledge and consent of the beneficiary, the purchaser acquires an absolute indefeasible title.

APPEALED FROM HENDERSON CIRCUIT COURT.

December 6, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The deed of the 5th of August, 1841, under which appellants claim, provided, in express terms, that Churchill J. Thornton, with the consent of his wife, Lucy M. Thornton, and Hopkins, the trustee, may sell any of the slaves named in said deed, of whom the woman Matilda was one, and *vest* the proceeds in such other property or estate as may be advantageous to the parties concerned, such other property to be held and disposed of in the same manner that said slaves would have been under the previous stipulations in said deed.

Such being the terms and provisions of the deed under which appellants claim, it is very clear that if appellee purchased the woman Matilda and her children of Churchill J. Thornton, with the knowledge and consent of Mrs. Lucy M. Thornton and the trustee, Hopkins, he thereby acquired the absolute indefeasible title to them.

We think the evidence preponderates strongly to the conclusion that the sale of the slaves to appellee was made by Thornton and wife and the trustee.

Brent Hopkins proves that he saw a bill of sale in 1845, executed by Thornton and wife and the trustee, Hopkins, to appellee for the slaves; the said bill of sale with the trust deeds having been submitted to his law partner and himself for their legal opinion by appellee as to the sufficiency of his title.

Moreover, the parties all resided in the same town from the date of the sale up to the institution of this suit. Appellee claimed the slaves absolutely during the whole time, a period of over fifteen years; during all of this time his right was not questioned or disputed. C. J. Thornton died in 1845, and his widow, who is still living, has never asserted any claim to the slaves.

Lots were purchased in the town of Henderson by Thornton in his lifetime, improvements made thereon, suitable for a residence for himself and family, and they were occupied as such by them during the life of Thornton, the title thereto secured to Mrs. Thornton and children, and they still own and retain the property. The evidence conduces to show that Thornton had not the means to pay for the lots or the improvements of himself, and to enable him to make said purchases and improvements it was necessary to sell a part of the trust slaves; that fact is recited in the conveyance of the city property to Hopkins in trust for appellants and to which Mrs. Thornton is a party.

We are satisfied that appellee acquired by his purchase and held the legal title in fee to the slaves, and as the verdict and judgment accord with this view, and upon the whole case as made out are correct, it is unnecessary to enter upon a discussion of the propriety of the instructions given and refused.

Wherefore, the judgment is *affirmed.*

*Vance & Turner,* for appellants.

*Dallam,* for appellee.